# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. DANIELLE L. WALKER

**Appeal as of Right from the Circuit Court for Blount County**
**No. C-11938     D. Kelly Thomas, Jr., Judge**

---

### No. E2000-00578-CCA-R3-CD
### March 29, 2001

---

The appellant, Danielle L. Walker, pled guilty in the Blount County Circuit Court to one count of theft of property over $1000, a class D felony.  The trial court sentenced the appellant as a standard Range I offender to two years incarceration in the Tennessee Department of Correction.  The trial court ordered the appellant to serve twenty days of her sentence in periodic confinement and to serve the balance of her sentence on supervised probation.  The trial court also ordered the appellant to make restitution to the victim in the amount of $2,928.56.  On appeal, the appellant raises the following issues for our review:  (1) whether the trial court erred by refusing to grant the appellant judicial diversion; and (2) whether the trial court erred by refusing to grant the appellant full probation.  Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Mack Garner, Maryville, Tennessee, and Julie A. Rice, Knoxville, Tennessee, for the appellant, Danielle L. Walker.

Paul G. Summers, Attorney General and Reporter, Clinton J. Morgan, Counsel for the State, Mike Flynn, District Attorney General, Kirk Andrews and Edward P. Bailey, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

#### I.  Factual Background
In March 1999, the appellant, Danielle L. Walker, began working as a sales clerk for Sears department store at Foothills Mall in Maryville.  Beginning on July 9, 1999, and continuing through July 31, 1999, the appellant took money from Sears by entering fraudulent returns of merchandise into the computer and then taking the cash refund for her personal use.  In a series of

twenty-nine separate transactions, the appellant took a total of $3,328.56. The appellant stopped taking money on July 31 after being caught in the act by Asset Protection Manager Ronald Browning and Security Officer Peggy Patterson.

When confronted by Browning and Patterson, the appellant was contrite, and she immediately returned the $400 that Browning and Patterson saw her take from the register. She confessed to the thefts and assisted Browning in determining which computer transactions were fraudulent. The appellant revealed to Browning that she committed the thefts by entering a fabricated driver's license number into the computer, noting a return of merchandise, and then taking the cash from the transaction for her own use.

The appellant pled guilty in the Blount County Circuit Court to one count of theft of property over $1000, a class D felony. At the sentencing hearing, the appellant confessed that she had not taken the money from Sears in order to pay for necessities. Instead, the appellant used the money to "live way out of [her] means." The appellant stated that she used the money to buy clothes, eat out at restaurants, pay bills, and for other nonessential items. Additionally, the appellant admitted that, at age sixteen, she had been arrested for shoplifting at Proffitt's department store. The appellant expressed remorse for her crime and expressed a desire to make restitution to Sears. She stated that her husband had obtained a $2,500 loan from a credit union, and they would immediately pay that money to Sears.[1] The appellant also asserted that she would continue to pay restitution until the balance is paid. The appellant testified that she is currently employed at Applebee's restaurant and plans to attend Pellissippi State Community College to become an x-ray technician. She has confessed her crimes to her church and sought forgiveness from her peers.

In sentencing the appellant, the trial court noted that the appellant had a previous shoplifting conviction, for which she received probation and that the present offense resulted from the appellant's actions on twenty-nine separate occasions. At the conclusion of the sentencing hearing, the trial court sentenced the nineteen-year-old appellant as a standard Range I offender to two years incarceration in the Tennessee Department of Correction. The trial court ordered the appellant to serve twenty days of her sentence in periodic confinement with the balance to be served on supervised probation. The trial court also ordered the appellant to make restitution to Sears in the amount of $2,928.56. On appeal, the appellant raises the following issues for our review: (1) whether the trial court erred by refusing to grant the appellant judicial diversion; and (2) whether the trial court erred by refusing to grant the appellant full probation.

## II. Analysis
### A. Judicial Diversion

The appellant claims that the trial court erred by denying her judicial diversion. With respect to judicial diversion, Tenn. Code Ann. § 40-35-313(a)(1) (1997) provides:

> If any person who has not previously been convicted of a felony or a
> Class A misdemeanor is found guilty or pleads guilty to . . . a Class

---

[1] The record reflects that the appellant did in fact tender a cashier's check for $2500 to Sears.

C, D or E felony, the court may, without entering a judgment of guilty and with the consent of such person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require, and for a period of time . . . not more than the period of the maximum sentence of the felony with which [she] is charged.

As we have previously noted, "judicial diversion is similar in purpose to pretrial diversion and is to be imposed within the discretion of the trial court subject only to the same constraints applicable to prosecutors in applying pretrial diversion under [Tenn. Code Ann. §] 40-15-105." State v. Anderson, 857 S.W.2d 571, 572 (Tenn. Crim. App.1992). However, unlike pretrial diversion, judicial diversion follows a determination of guilt and rests in the discretion of the trial court, not the prosecutor. State v. Charles Chesteen, No. E1999-00910-CCA-R3-CD, 2000 WL 739458, at *13 (Tenn. Crim. App. at Knoxville, June 8, 2000).

The appellant's challenge to the trial court's failure to grant judicial diversion is subject to a different standard of review than a challenge to the sentence imposed. In reviewing the issue of judicial diversion, this court will overturn the trial court's determination only if the trial court has abused its discretion. State v. Bonestel, 871 S.W.2d 163, 167 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). In other words, we will uphold the trial court's decision if "'any substantial evidence to support the refusal' [to grant judicial diversion] exists in the record." Id. (citing State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983)). Moreover, "[t]he same guidelines are applicable in diversion cases as are applicable in probation cases, but they are more stringently applied to those seeking diversion." State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

The trial court must consider all of the following factors in determining whether to grant the appellant judicial diversion:

(a) the accused's amenability to correction, (b) the circumstances of the offense, (c) the accused's criminal record, (d) the accused's social history, (e) the status of the accused's physical and mental health, and (f) the deterrence value to the accused as well as others. The trial court should also consider whether judicial diversion will serve the ends of justice – the interests of the public as well as the accused.

State v. Lewis, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997) (citation omitted). The trial court may also consider the appellant's "attitude, [her] behavior since arrest, [her] home environment, current drug usage, emotional stability, past employment, general reputation, family responsibilities, [as well as] the attitude of law enforcement." Id. Furthermore, the record must reflect that the trial court has taken all of the preceding factors into consideration. State v. Electroplating, Inc., 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998). Additionally, "[t]he court must explain on the record why the [appellant] does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others." Id.

In the present case, the trial court did not specifically address judicial diversion but instead blended his analysis on judicial diversion with a discussion on the denial of probation. Regardless of this error, there is nonetheless sufficient evidence in the record to support the trial court's denial of judicial diversion. See Chesteen, No. E1999-00910-CCA-R3-CD, 2000 WL 739458, at *14.

The trial court appears to have denied the appellant judicial diversion because the appellant had been convicted as a juvenile of shoplifting, for which she received probation, and also because the appellant committed theft on twenty-nine separate occasions within a period of one month. The trial court noted that the large number of offenses weighed heavily against the granting of either judicial diversion or probation. The trial court stated that the appellant's honesty was appreciated, and her cooperation with Sears indicated that the appellant had good potential for rehabilitation. However, the trial court felt that the appellant needed to understand that there were consequences to her actions.

We agree with the trial court that the appellant's cooperation and forthrightness with the court and with Sears are commendable. However, we also agree that the trial court correctly denied the appellant judicial diversion. We find the following language concerning the denial of pre-trial diversion to be persuasive:

> [T]he nature and circumstances of the offense may, standing alone, constitute an appropriate basis for denial. These crimes were committed in separate acts over a period of several [weeks]. This indicates a sustained intent on the part of the [appellant] to violate the law.

State v. George Cavalaris, No. 1284, 1990 WL 26779, at *2 (Tenn. Crim. App. at Knoxville, March 15, 1990); see also Chesteen, No. E1999-00910-CCA-R3-CD, 2000 WL 739458, at *14; State v. David E. Smith, Jr., No. 01C01-9805-CR-00224, 1999 WL 373731, at *4 (Tenn. Crim. App. at Nashville, June 9, 1999). We agree with the trial court that the repetitious nature of the appellant's crimes, indicating her sustained intent to violate the law, weighs against the grant of judicial diversion.

Additionally, we note that the appellant abused a position of private trust by stealing from her employer. See State v. Grissom, 956 S.W.2d 514, 518 n.5 (Tenn. Crim. App. 1997); see also State v. Kavious L. Newsom, No. 02C01-9806-CR-00166, 1999 WL 588155, at *5 (Tenn. Crim. App. at Jackson, August 6, 1999), perm. to appeal denied, (Tenn. 2000). Accordingly, "other potential employers had a clear interest in knowing that [the] Appellant had been convicted of this offense." State v. Patricia Bohnenstiehl, No. 03C01-9801-CC-00035, 1999 WL 39501, at *2 (Tenn. Crim. App. at Knoxville, January 28, 1999). Thus, the interests of the public are better served by denying the appellant judicial diversion. As a result, we conclude that the trial court did not abuse its discretion in refusing to grant the appellant judicial diversion.

## B. Full Probation

This court reviews challenges to the manner of service of a sentence de novo. Tenn. Code Ann. § 40-35-401(d) (1997). Moreover, if the record reflects that the trial court properly considered the sentencing principles and the facts and circumstances surrounding the offense, we will accord the trial court's findings a presumption of correctness. Id.; State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). Initially, we note that, because there is no affirmative showing in the record that the trial court considered the sentencing principles, we will not accord the trial court's findings a presumption of correctness. Regardless, the appellant bears the burden of demonstrating to this court why the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

This court will consider the following factors in conducting its de novo review: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in her own behalf; and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also Ashby, 823 S.W.2d at 168.

Because the appellant is a Range I standard offender convicted of a class D felony, she is presumed to be a favorable candidate for alternative sentencing.. Tenn. Code Ann. § 40-35-102(5)-(6)(1997). The State failed to rebut this presumption at the sentencing hearing. See Grissom, 956 S.W.2d at 519. Accordingly, we note that the trial court correctly found that the appellant was deserving of an alternative sentence of periodic confinement coupled with probation.

However, because of the differing burdens of proof, the determination whether the appellant is entitled to alternative sentencing requires a different analysis from the determination whether the appellant is entitled to full probation. Bingham, 910 S.W.2d at 455. Generally, once an appellant is entitled to a statutory presumption of alternative sentencing, the State bears the burden of overcoming that presumption. Id. However, when an appellant seeks full probation, she bears the burden of establishing her suitability for full probation, even if she is entitled to the statutory presumption of alternative sentencing. Id. The appellant must establish that granting her full probation will 'subserve the ends of justice and the best interest of both the public and the [appellant].' State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

Again, the trial court did not differentiate between his reasoning for the denial of judicial diversion and the denial of full probation. To recount, the trial court found that the appellant committed the offense of theft twenty-nine times "demonstrat[ing] a sustained intent to violate the law, [a] valid reason for denying [full] probation." State v. Shelly S. Perry, No. 02C01-9707-CR-00285, 1998 WL 422264, at *2 (Tenn. Crim. App. at Jackson, July 28, 1998); see also State v. David Lewis, No. 02C01-9512-CR-00363, 1997 WL 414934, at *2 (Tenn. Crim. App. at Jackson, July 25, 1997). Additionally, the trial court stated that some incarceration was needed to avoid depreciating the seriousness of the appellant's offense of stealing money from her employer over a period of time

while the appellant occupied a position of trust.  See State v. Glen Justes, No.03C01-9610-CR-00368, 1997 WL 600067, at *3 (Tenn. Crim. App. at Knoxville, September 30, 1997).  Furthermore, we note that the appellant had previously been found guilty of shoplifting and had received probation for that offense; yet, the appellant was not rehabilitated at the time of the instant offenses.  See State v. M. Steven Lilly, No. 03C01-9505-CR-00143, 1996 WL 87441, at *4 (Tenn. Crim. App. at Knoxville, March 1, 1996). Accordingly, we conclude that the trial court did not err in ordering the appellant to serve her sentence in periodic confinement coupled with probation instead of granting the appellant full probation.

## III.  Conclusion

Based upon the foregoing, we affirm the judgment of the trial court.


_____
NORMA McGEE OGLE, JUDGE